# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ERICA LIVINGSTON, | |
| | No. 17-1619V |
| Petitioner, | Special Master Christian J. Moran |
| v. | |
| | Filed: December 20, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Entitlement; dismissal. |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * *

Mark Theodore Sadaka, Law Offices of Sadaka Associates, LLC, for petitioner;
Julia Marter Collison, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION[1]**

Ms. Erica Livingston alleged that the influenza vaccine she received on November 5, 2014, caused her to suffer shortly thereafter vaccine-induced wide-spread pain syndrome classified as fibromyalgia that was either "caused-in-fact" by the above-stated vaccination or, in the alternative, significantly aggravated by the above-stated vaccination. Am. Pet., filed February 14, 2022, at 1. On December 5, 2022, Ms. Livingston moved for a decision dismissing her petition.

### I.   Procedural History

Ms. Livingston ("petitioner") filed a petition on October 27, 2017. After petitioner filed her initial medical records, the Secretary contested. Resp't's Rep., filed Oct. 9, 2018. A status conference was held on October 22, 2018, during which the issue of petitioner's missing medical

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

records and dispute of unclear diagnosis of Epstein-Barr virus reaction or Sjogren's syndrome were raised.

After additional records were filed, petitioner filed expert reports supporting her claim from Dr. Shoenfeld and Dr. Rushing. In response, the Secretary filed expert reports from Dr. Whitton and Dr. Antiochos.

On June 2, 2021, a status conference was held during which petitioner stated she was pursuing a fibromyalgia theory, and respondent requested that petitioner file an amended petition to reflect this position. Petitioner also stated that she was no longer engaging with Dr. Shoenfeld. Thereafter, on February 14, 2022, petitioner filed an amended petition to state that she was pursuing a fibromyalgia theory and a supplemental expert report of Dr. Rushing to support her claim. The expert report phase concluded with supplemental expert reports from Dr. Whitton and Dr. Antiochos filed by the Secretary.

On June 22, 2022, a status conference was held during which the undersigned expressed some skepticism regarding Dr. Rushing's theory that fibromyalgia can be caused by cytokines. The undersigned recognized that fact questions remain unresolved regarding petitioner's condition and onset, so the undersigned recommended that the parties attempt to resolve fact questions before their experts continue work on this case. The undersigned then issued an order, requiring petitioner to file a status report proposing how to proceed. Based on petitioner's status report submitted September 22, 2022, stating that petitioner intended to file a motion for a decision to be made on the record, the undersigned required petitioner to file a motion for a decision based upon the record.  Order, issued on Sep. 23, 2022.

On December 5, 2022, petitioner moved for a decision dismissing her petition. Petitioner stated that she "understands that a decision by the Special Master to dismiss her petition will result in judgment against her [and] has been advised that such a judgment will end all her rights in the Vaccine Program." Pet'r's Mot., filed Dec. 5, 2022. Petitioner "intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action." Id. The Secretary did not file a response to this motion. This matter is now ready for adjudication.

II.     **Analysis**

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).

In this case, petitioner filed medical records and expert reports in support of her claim, but nonetheless, wishes to have her claim dismissed and judgment entered against her. Though petitioner did not cite to a specific rule when filing this motion, the undersigned will construe

2

this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment issue in this case, protecting her right to file a civil action in the future.  See Pet'r's Mot., filed Dec. 5, 2022.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law."  Here, although the parties were in the process of presenting arguments, the evidence weighs against a finding that petitioner suffered from fibromyalgia. Without a showing that the vaccinee suffered the injury that the vaccine allegedly caused, the remainder of the case becomes moot.  See Broekelschen v. Sec'y of Health and Human Servs., 618 F.3d 1339, 1346 (Fed. Cir. 2010).  Accordingly, the undersigned is not required to evaluate whether the influenza vaccine can cause fibromyalgia.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

                                                          s/Christian J. Moran
                                                          Christian J. Moran
                                                          Special Master