# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
ERICA LIVINGSTON,

                Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 17-1619V

Special Master Christian J. Moran

Filed: October 25, 2023

Mark T. Sadaka, Law Offices of Sadaka Associates, LLC, Edgewood, NJ, for Petitioner;
Julia M. Collison, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

    Pending before the Court is petitioner Erica Livingston's motion for final attorneys' fees and costs. She is awarded **$41,707.05**.

* * *

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On October 27, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine she received on November 5, 2014, caused her to suffer shortly thereafter vaccine-induced wide-spread pain syndrome classified as fibromyalgia that was either "caused-in-fact" by the above-stated vaccination or, in the alternative, significantly aggravated by the above-stated vaccination. Am. Pet., filed February 14, 2022, at 1. After respondent indicated his opposition the petition, the parties retained medical experts, with petitioner retaining Dr. Luge B. Rushing and Dr. Yehuda Shoenfeld, and respondent retaining Dr. J. Lindsay Whitton and Dr. Brendan Antiochs.

Petitioner sought an award of her attorneys' fees and costs on an interim motion via a motion filed on March 16, 2021. Respondent opposed this request, at least in part, arguing that reasonable basis ceased supporting the claim as of April 21, 2020. Petitioner was awarded interim attorneys' fees and costs totaling $50,973.01. Interim Fees Decision, 2021 WL 4805534 (Sep. 14, 2021).

Following the submission of reports from these experts, petitioner filed a motion to dismiss on December 5, 2022. On December 20, 2022, the undersigned issued his decision dismissing the petition with prejudice. 2023 WL 356726.

On December 20, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $31,750.80 and attorneys' costs of $17,381.25 for a total request of $49,132.05. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of his case.

On January 5, 2023, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Respondent's current position---that reasonable basis supports the claim throughout its pendency---is unlike its previous position---that reasonable basis ceased on April 21, 2020. Regardless, respondent recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner advocated for the amount requested. Reply, filed Jan. 5, 2023.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that the claim has good faith and reasonable basis. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.  Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Ms. Livingston argues reasonable rates for Mr. Sadaka in the amount of $422.00 per hour in 2020, $444.00 per hour in 2021 and $458.00 per hour in 2022. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what special masters have previously awarded to petitioner's counsel for his Vaccine Program work. See, e.g. Rose v. Sec'y of Health & Human Servs., No. 17-1770V, 2021 WL 3053035 (Fed. Cl. Spec. Mstr. Jun. 28, 2021). Accordingly, the requested hourly rates are reasonable.

### B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $31,750.80.

### C.  Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $17,381.25 in attorneys' costs. This amount is for acquisition of medical records, postage, and work performed by petitioner's medical experts, Dr. Shoenfeld and Dr. Rushing. The undersigned shall discuss these expert costs in turn.

For the work of Dr. Shoenfeld, petitioner requests a total of $9,000.00, representing 18 hours billed at $500.00 per hour. Fee App'n at pdf 34. The undersigned has previously reduced rates for Dr. Shoenfeld in several cases, due to poor quality of work. See Valeen v. Sec'y of Health & Human Servs., No. 16-390V, 2023 WL 33530 (Fed. Cl. Spec. Mstr. Jan. 4, 2023) (Reducing Dr. Shoenfeld's rate to $125.00); Livingston v. Sec'y of Health & Human Servs., No. 17-1719V, 2021 WL 4805534 (Fed. Cl. Spec. Mstr. Sept. 14, 2021) (interim decision reducing Dr. Shoenfeld's rate to $200.00/hour). In this case, the undersigned previously noted that Dr. Shoenfeld's work product did not warrant

$500.00 per hour, and that has not changed in his subsequent report. Therefore, as was done before, the undersigned will reimburse Dr. Shoenfeld's time at $200.00 per hour. Therefore, a reasonable amount for his work is $3,600.00.

Dr. Rushing billed 27 hours at $300.00/hour for preparation of his expert report. Fee App'n at pdf 26-28. Dr. Rushing has been previously awarded his requested rate. See Volpe v. Sec'y of Health & Human Servs., No. 16-1422V, 2022 WL 2814845 (Fed. Cl. Spec. Mstr. Jun. 22, 2022). However, the amount of detail contained in Dr. Rushing's invoice is not adequate to assess the reasonableness of his activities. Experts are expected to list the amount of time they spent on particular activities. See Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 781-83 (2013); Morse v. Sec'y of Health & Human Servs., 89 Fed. Cl. 683 (2009). To account for the vagueness in invoicing, the number of hours is reduced by 25 percent. A reasonable amount of compensation for Dr. Rushing's work is $6,075.00.

The remainder of the costs have been supported by the necessary documentation and are reasonable in the undersigned's experience. Petitioner is therefore awarded final costs of $9,956.25.

D.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$41,707.05** (representing $31,750.80 in attorneys' fees and $9,956.25 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and his attorney, Mr. Mark Sadaka.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.